United States District Court
Southern District of Texas
**ENTERED**
June 09, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, TDCJ #00282756, | § § § | |
| *Petitioner*, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-2060 |
| U.S. POSTAL SERVICE, *et al.*, | § § § | |
| *Respondents*. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, R. Wayne Johnson (TDCJ #00282756), is currently incarcerated by the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). He has filed a petition and amended petition seeking a writ of mandamus directing the United States Postal Service, the United States Department of Veterans' Affairs, and the United States Department of Justice to pay him "crime victim compensation" as a result of alleged violations of federal law. (Dkts. 1, 5). He has also filed a motion for leave to proceed *in forma pauperis*. (Dkt. 2). Because Johnson has not paid the applicable filing fee and is not entitled to proceed *in forma pauperis* in this action, the Court dismisses this petition.

## I.    BACKGROUND

Johnson is well-known to the federal court system, having filed multiple

federal actions in multiple federal courts throughout the country since his incarceration in the late 1970s. Public records do not show that Johnson has any criminal actions currently pending against him in either state or federal court.

In his petition for writ of mandamus, Johnson alleges that the U.S. Postal Service is violating the law by delivering his mail to state prison mail clerks rather than to him as the addressee. (Dkt. 1, p. 2). He alleges that the state prison system is operating a post office without authority, that prison mail clerks steal his mail, and that prison officials are impersonating U.S. employees when they deliver the mail. (*Id.*). He alleges that these actions are postal crimes, of which he is the victim. (*Id.*). He seeks a writ of mandamus ordering the U.S. Postal Service to deliver his mail directly to him.[1] (*Id.* at 2, 4).

Johnson also alleges that the U.S. Department of Veterans' Affairs is improperly withholding a portion of his VA check in violation of 38 U.S.C. § 5313(d), which limits payments to veterans who are incarcerated on felony convictions. (*Id.* at 3). He seeks a writ of mandamus directing the VA to restore the full amount of his veterans' benefits and pay him retroactively for the amounts he alleges have been improperly withheld. (*Id.* at 3-4). Johnson's petition does not

---

[1]This claim appears to stem from Johnson's disagreement with TDCJ Board Policy 03.91, which prohibits the receipt of certain types of mail by inmates and permits prison mail clerks to refuse to deliver mail that violates its provisions. *See* TDCJ Policies, Procedures and Attorney Forms, available at www.tdcj.texas.gov (last visited June 8, 2023). (Dkt. 5, p. 5).

contain any allegations of wrongdoing against the U.S. Department of Justice, even though he has named it as a defendant. (Dkt. 5, p. 4).

## II.   DISCUSSION

Because Johnson is a state prisoner, his action is subject to the Prison Litigation Reform Act (PLRA), which, in pertinent part, imposes a payment burden "on prisoners desiring to appear *in forma pauperis* in certain proceedings." *In re Stone*, 118 F.3d 1032, 1033 (5th Cir. 1997); *see also* 28 U.S.C. § 1915(b). While § 1915(a)(1) permits most civil litigants who qualify to proceed without paying a filing fee, § 1915(b) sets forth a different rule for prisoners. Under its provisions, "[a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding" must pay, over time if necessary, the full filing fee. 28 U.S.C. § 1915(b)(1), (2).

The Fifth Circuit has noted that the "plain language of the [PLRA] does not expressly encompass a writ of mandamus." *In re Stone*, 118 F.3d at 1033. Therefore, whether the fee provisions of § 1915(b) apply to a prisoner's mandamus petition depends on the nature of the underlying action. *Id.* at 1034; *see also Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (per curiam). Generally, the § 1915(b) fee provisions "apply to mandamus actions that seek relief analogous to civil complaints under 42 U.S.C. § 1983, but not to writs directed at judges conducting criminal trials." *Santee*, 115 F.3d at 357 (finding that the § 1915(b) fee provisions

3

did not apply to a mandamus petition asking the court to order the state courts to take action on a pending habeas application); *compare In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (per curiam) (applying the § 1915(b) fee provisions to a mandamus petition arising from a civil rights action). This Court has interpreted these cases to mean that "§ 1915(b) does not apply to mandamus actions . . . which concern an underlying state court conviction, rather than a civil rights violation of the sort actionable under 42 U.S.C. § 1983." *Williams v. Texas Ct. of Crim. Appeals*, No. CV H-20-0708, 2020 WL 1105112, at *1 n.7 (S.D. Tex. Mar. 6, 2020) (citing *In re Stone*, 118 F.3d at 1034), *appeal dismissed,* 815 F. App'x 784 (5th Cir. 2020).

In this case, Johnson's mandamus petition does not concern any aspect of his underlying state court conviction, and he has no criminal actions current pending. His petition is instead in the nature of a request for relief of the sort normally raised in a civil rights action under § 1983. Actions under § 1983 are used to obtain relief from a state actor's violation of a person's rights under either the U.S. Constitution or federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Johnson's mandamus petition, asking this Court to provide him with redress for alleged violations of federal law, is in the nature of a § 1983 action. The action is therefore subject to the prisoner fee provisions of § 1915, including its requirements for financial disclosures and its restrictions on abusive filers.

While Johnson has filed a motion to proceed *in forma pauperis*, as he is well

4

aware, he is no longer entitled to proceed *in forma pauperis* in the federal courts. A national case index reflects that Johnson has filed more than 80 civil actions in federal courts across the country since being incarcerated. In those cases, he has accumulated significantly more than three strikes for filing frivolous or malicious actions and appeals, and he is no longer eligible to proceed *in forma pauperis* under 28 U.S.C. § 1915(g). *See, e.g., Johnson v. Whatley*, Appeal No. 02-40760, 73 F. App'x 79, 2003 WL 21756655 (5th Cir. June 24, 2003); *Johnson v. Tepper*, Appeal No. 02-51232, 65 F. App'x 509, 2003 WL 1922976 (5th Cir. Mar. 31, 2003); *Johnson v. Bowie County, et al.*, Civil No. 5:18cv43 (E.D. Tex. Nov. 6, 2018); *Johnson v. U.S. Post Office*, Civil No. H-17-1558 (S.D. Tex. May 23, 2017) (listing cases and strikes); *Johnson v. Thaler*, Civil No. 2:10-41 (N.D. Tex. Feb. 27, 2012) (listing abusive cases and recommending sanctions); *Johnson v. Cockrell*, Civil No. 2:03-CV-0170 (N.D. Tex. Nov. 17, 2003); *Johnson v. McCaul*, Civil No. 2:03-cv-0013 (S.D. Tex. Apr. 15, 2003). Johnson's motion to proceed *in forma pauperis* is therefore denied under 28 U.S.C. § 1915(g). Because Johnson may not proceed *in forma pauperis* and because he has not paid the applicable filing fee, this action will be dismissed.

In addition, because of Johnson's lengthy record of filing meritless lawsuits, the Northern District of Texas has imposed sanctions prohibiting him from filing "any civil action" unless it is accompanied by a motion for leave to file explaining

why the new lawsuit or petition is not frivolous and showing good cause for the new action. *See Johnson v. Davis*, Civil No. 4:17-0244 (N.D. Tex. March 20, 2017). The Fifth Circuit has held that a federal district court may enforce a sanctions order issued by another federal district court. *See Balawajder v. Scott*, 160 F.3d 1066, 1067-68 (5th Cir. 1998) (per curiam); *Umar v. McVea*, No. 95-20890, 81 F.3d 157, 1996 WL 101709 (5th Cir. Mar. 1, 1996). And it is the policy of the United States District Court for the Southern District of Texas to honor the sanctions orders imposed by the other district courts in Texas. *See* Policy Statement, Feb. 1, 1994 (S.D. Tex.) (stating that, as a matter of comity, the Southern District of Texas will honor the sanctions imposed by other districts). Johnson's current petition does not comply with this sanctions order. His action will be dismissed for failing to comply with the sanctions order as well.

Accordingly, the Court **ORDERS** as follows:

1. Johnson's motion to proceed *in forma pauperis* (Dkt. 2) is **DENIED** under 28 U.S.C. § 1915(g).

2. This civil action is **DISMISSED with prejudice** for failing to comply with the sanctions order.

3. All other pending motions, if any, are **DENIED as moot**.

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff.

SIGNED at Houston, Texas, on _____ June 9 _____, 2023.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE

7